1
2
3
4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5
6
7   E. SANCHEZ (minor), an individual, )
    and MARIA SOLORIO, an            )
8   an individual,                   )
                                     )
9                                    )   NO. **CV-13-5061-LRS**
         Plaintiffs,                 )
10                                   )   **ORDER GRANTING MOTION**
                                     )   **TO DISMISS,** *INTER ALIA*
11       v.                          )
                                     )
12  OUR LADY OF LOURDES              )
    HOSPITAL AT PASCO, d/b/a         )
13  LOURDES MEDICAL CENTER,          )
    a Washington non-profit corporation; )
14  KADLEC REGIONAL MEDICAL          )
    CENTER, a Washington non-profit  )
15  corporation; UNITED STATES OF    )
    AMERICA, and UNKNOWN JOHN        )
16  DOES and JANE DOES,              )
                                     )
17                                   )
         Defendant.                  )
18  _____  )

**BEFORE THE COURT** is the Motion To Dismiss (ECF No. 10) filed by Defendant United States Of America. The motion is heard without oral argument. Per a previous order of this court (ECF No. 6), the United States was substituted as a Defendant for named Defendants Ziba Iraee and Leonel Zolessi after the United States removed this action from Franklin County Superior Court on May 21, 2013. (ECF No. 1).

Plaintiff has not filed a response to the motion and the time has long passed for doing so. LR 7.1(b)(2)(B) (21 days after filing of a dispositive motion). Defendant's motion was filed on May 29, 2013, and therefore, any

**ORDER GRANTING MOTION
TO DISMISS,** *INTER ALIA* -         1

response was due no later than June 19, 2013. Per LR 7.1(d), the failure to comply with the requirements of LR 7.1(b) "may be deemed consent to entry of an Order adverse to the party who violates these rules." Good cause appearing, Defendant's Motion To Dismiss (ECF No. 10) is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1). This court lacks subject matter jurisdiction to consider the Federal Tort Claims Act (FTCA) claim against the United States because Plaintiffs have not filed an administrative tort claim with the Department of Health and Human Services and their failure to exhaust administrative remedies requires dismissal of the United States for lack of subject matter jurisdiction.

The United States as a defendant was the sole basis of this court's removal jurisdiction (exclusive federal jurisdiction pursuant to 28 U.S.C. §1346(b)(1)). When removal is based on federal question jurisdiction and all federal claims are subsequently eliminated from the lawsuit, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003)("Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441"). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997)(en banc), quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988). This discretion is "dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity . . . .'" *Harrell v. 20*$^{th}$

**ORDER GRANTING MOTION TO DISMISS,** *INTER ALIA* **-    2**

1  *Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991), quoting *Carnegie-Mellon*, 484 U.S. at 351.

It appears that not all of the remaining named parties have appeared in this action (Kadlec Regional Medical Center). Furthermore, this court has not conducted a scheduling conference and no scheduling order has been entered. This court has not rendered decision on any substantive matter. Resuming the litigation in state court would not be wasteful or duplicative because neither this court or any party has invested substantial resources into the case at the federal level. The concerns of economy, convenience, and comity would be served by returning this action to state court. Pursuant to 28 U.S.C. §1367(c), the court declines to exercise supplemental jurisdiction over remaining common law claims asserted against the non-federal Defendants. Pursuant to §1367, when federal claims drop out of a case, a district court can retain pendent state law claims, dismiss them, or if the action was removed from state court, remand the state law claims to state court. *Carnegie-Mellon*, 484 U.S. at 357.

The captioned action is **REMANDED** to the Franklin County Superior Court for proceedings against the remaining defendants (Our Lady of Lourdes Hospital at Pasco and Kadlec Regional Medical Center). Ziba Iraee and Leonel Zolessi will not be defendants in the remanded proceedings as this court's dismissal of the claims against the United States is effectively a dismissal of the claims against them.

//
//
//
//
//

**ORDER GRANTING MOTION
TO DISMISS,** *INTER ALIA* **-**          3

1 **IT IS SO ORDERED**.  The District Executive is directed to enter this
2 order and forward copies to counsel.  The file shall be **CLOSED**.
3    **DATED** this   22nd   of July, 2013.

                            *s/Lonny R. Suko*
                         _____
                            LONNY R. SUKO
                         United States District Judge

ORDER GRANTING MOTION
TO DISMISS, *INTER ALIA* -          4